CHARLES A. REED, executor, &c.,

*v.*

ANNA B. LONGSTREET et al.

[Submitted January 12th, 1906. Decided March 27th, 1906.]

A testator, by his will, left his farm and the residue of his property in trust, directing that the income, rents and profits should be divided between his two daughters for life, with remainder, at their respective deaths, to their children, &c. By the will he empowered the trustee, if a mortgage which encumbered the farm was called in, to mortgage the farm to an amount not exceeding the encumbrance. He also empowered him to sell all his real estate, but with a proviso that no sale of the farm should be made during the lifetime of either of the daughters without their consent, *nor* unless it is necessary to pay debts. The farm produces an income over the interest of the mortgage which encumbered it at testator's death and the necessary expenses.—*Held*, (1) that the testator intended that such income should be divided between his daughters, and that there is no duty imposed on the trustee to accumulate the income for the ultimate payment of the mortgage; (2) that a comparison of the provisions of the will sufficiently indicates that the testator used the word "nor," in the proviso to the grant of power to sell, in the sense of "or."

*Messrs. Reed & Coddington,* for the complainant.

MAGIE, CHANCELLOR.

The complainant in this cause is the executor and trustee under the will of the late William I. Conover of the county of Monmouth, and he seeks the direction of this court in the performance of his duties in those relations.

The direction of the court is deemed necessary because of doubts conceived by the trustee, or suggested by parties in interest, or which may possibly be raised at some future time by parties not now in being, and the court is asked to construe the will and determine therefrom what power the trustee has, and what duty devolves upon him, in two respects.

To make clear the conclusions I have reached, it will be neces-

sary only to state that the will contains a devise to complainant, and to any successor in the trust appointed by the court, of a farm on which the testator lived, and all the rest, residue and remainder of his estate, in trust (1) that he hold it during the lifetime of testator's daughter, Marion Alma Baird, and pay to her, and permit her to receive, the net income, rents, issues and profits of one-half of said residue, and, after the decease of Marion, the testator devises one-half of the farm and one-half of the residue and remainder, to any child or children, or descendants of any child or children of Marion; and (2) in a like trust for the testator's daughter, Anna Bowne Longstreet. Provision is also made in the will respecting the devolution of the trust fund in case of the death of either daughter, or both daughters, without leaving children.

By the twelfth clause of the will, testator authorized and empowered the trustee, if he should find it necessary to pay off the mortgage existing on the farm at testator's death, to mortgage the farm as fully and absolutely as testator could do if living, to an amount not exceeding the mortgage encumbrance thereon at the time of testator's death, either renewing such mortgage or any subsequent mortgage which may be given to pay and satisfy the same.

By the fourteenth clause, testator empowers his executor to sell all his real estate, at public or private sale, with proviso that no sale shall be made of his farm during the lifetime of either of testator's daughters, without their consent, nor unless it is necessary to pay his debts. He provides that the net proceeds of any sale are to be invested by the executor and held on the trusts created by the will.

The complainant has made parties defendant the daughters of the testator named in his will. They have failed to answer, although they appeared in the cause, by a solicitor of the court. Complainant has also made parties the living children of those daughters. They are all infants, and have answered by a guardian ad litem, submitting themselves to the judgment of the court. Under a rule for proofs testimony has been taken.

There are two points in which complainant deems there is doubt which justifies him in asking the direction of this court:

(1) what does his duty require him to do with the income of the farm devised to him in trust under the circumstances disclosed by the proofs, and (2) what are his powers in respect to a sale of the farm.

The situation disclosed by the proofs is this: The testator died seized of the farm, and another tract of real estate of comparatively small value, and leaving some personal property. Out of the proceeds of the personal property, and the sale of the tract of land not included in the farm, and, as I understand the evidence, by the use of some of the income of the farm, all the debts of the testator have been paid, except a debt secured by a mortgage upon the farm. The mortgage secures the sum of $4,500, and the interest thereon has been paid by complainant. The farm is now rented by complainant at the annual rent of $900. The interest on the mortgage, the annual taxes, premiums on insurance, usual repairs, &c., amount to about $300. A net income of about $600 is thus left.

Complainant is in doubt whether he may divide that income between the two daughters of the testator, or whether it is his duty to accumulate it so as to eventually pay off the mortgage. The mortgage is not now demanded, the mortgagee being satisfied with the security.

As I read the will, the testator contemplated leaving the farm encumbered by mortgage at his death. It is clear that he did not contemplate that his executor would be able to pay off that mortgage from the personal property, and so he expressly provided that the trustee, if the mortgage was called in, could mortgage the farm and keep an existing encumbrance thereon provided it did not exceed the amount of the mortgage which encumbered it at the time of the testator's death. When this situation is considered, it seems to me obvious that the intent of the testator was to give the benefit to his two daughters of the present income from time to time, arising from the equity of redemption, and that it was not his intention that such income should be accumulated and his daughters left without its support until the accumulation produced enough to pay off the mortgage. This intent is rendered manifest by the provisions of the will empowering the trustee to make sale of the farm and hold the net

proceeds of the sale upon the same trusts. Such a sale would produce the value of the equity of redemption and what was thus produced was to be held on the trusts. It could not have been his intent that the income of the proceeds, when invested, should be accumulated until it, when added to the principal, should equal the entire value of the farm. The testator did not intend to benefit his daughters' children or descendants, born or unborn, at the expense of his daughters, his beneficiaries for life.

The result is that I think the trustee should divide this income from the farm between the daughters according to the terms of the trust, after he has reserved therefrom what, in his judgment, is sufficient to satisfy the annual claims thereon.

Complainant further seeks direction as to his duty respecting the sale of the farm under the power of sale contained in the will, which is affected by a proviso above stated.

Complainant thinks that there is doubt whether he has power to sell the farm, even with the consent of testator's daughters, unless the sale is also necessary in order to pay testator's debts.

If the fourteenth clause of the will be literally read, complainant has no power to sell except to pay debts, and with the consent of the daughters, if living. To empower a trustee to sell to pay debts and to limit that power by requiring his sale to be consented to by beneficiaries, is a provision so unusual and impracticable as to lead to doubt whether, as literally read, it fairly expresses testator's intent. When it is considered that testator contemplated leaving the farm encumbered, and that his other property was barely sufficient to pay his debts other than the mortgage, I think it is sufficiently apparent that testator's purpose was to provide for a sale if necessary to pay debts other than the mortgage debt. Such a sale would be required by law, and could be made without any consent. The testator meant to give a power of sale to pay such debts, and could not have intended to limit that power. Reading the whole will, I think it is plain that testator has used the conjunction "nor" in the fourteenth clause in the sense of "or." It falls, in my judgment, within the rule of construction which will attribute a disjunctive force to a conjunctive word, and *vice versa,* and the evidence of intent

is so unmistakable as to require the application of a similar doctrine.

It follows that the power of sale may be exercised on the consent of the beneficiaries for life and without reference to the necessity to sell to pay debts.

A decree will be made in conformity with this opinion.