*551 OPINION.
Love :
The first error assigned by the petitioners is that the respondent included in their respective taxable income for the years in question the amounts of depreciation and depletion deducted by the trustees from the gross income of the oil-producing property, no part of the amounts so deducted having been distributed to them. It is contended by the petitioners that the amounts deducted by the trustees were not distributable and, therefore, not taxable to them.
Section 219 of the Revenue Act of 1918, in part, provides:
(a) That the tax imposed by sections 210 and 211 shall apply to the income of estates or of any kind of property held in trust, including—
*******
(4) Income which is to be distributed to the beneficiaries periodically, whether or not at regular intervals, and the income collected by a guardian of an infant to be held or distributed as the court may direct.
* * * u * # *
(d) In eases under paragraph (4) of subdivision (a), and in the case of any income of an estate during the period of administration or settlement permitted by subdivision (c) to be deducted from the net income upon which tax is to be paid by the fiduciary, the tax shall not be paid by the fiduciary, but there shall be included in computing the net income of each beneficiary his distributive share, whether distributed or not, of the net income of the estate or trust for the taxable year, or, if his net income for such taxable year is computed upon the basis of a period different from that upon the basis of which the net income of the estate or trust is computed, then his distributive share of the net income of the estate or trust for any accounting period of such estate or trust ending within the fiscal or calendar year upon the basis of which such beneficiary’s net income is computed. In such cases the beneficiary shall, for the purpose of the normal tax, be allowed as credits in addition to the credits allowed to him under section 216, his proportionate share of such amounts specified in subdivisions (a) and (b) of section 216 as are received by the estate or trust.
This section was construed in Baltzell v. Mitchell, 3 Fed. (2d) 428; 5 Am. Fed. Tax Rep. 6230. This decision is also applicable to section 219 of the Revenue Act of 1921. See Arthur H. Fleming, 6 B. T. A. 900, and Estate of Virginia I. Stern, 1 B. T. A. 853.
In the Baltzell case it was said:
In considering section 219 alone and apart from the other sections of the act, it is evident that in it Congress employed words which lead to confusion of thought. It states under subdivision (d) that the income under paragraph 4 of which the tax is to be assessed and collected shall be “his distributive share, whether distributed or not, of the net income of the estate or trust for the taxable year.”' The beneficiary clearly has ©o distributive share in the net income of the estate or trust; but he has a distributive share of income to be paid him under’"and in accordance with the terms of the trust, and resort must be had to them to ascertain his proportion of the income or his distributive share. The beneficiary is not interested in the capital of the trust, but only in the income. If there are accretions to the capital, these are not distributable as income, so that the beneficiary may receive any *552 part oí them; and i£ there are capital losses they cannot be made good out of the income. The capital may be depleted by such losses; but the income for that taxable year is not. It may in future years be diminished because of the diminution of the capital.
We must, therefore, look to the will of L. A. Brenneman to discover what was the distributable share of income of each of the petitioners. See Estate of Virginia I. Stern, supra. Paragraph (a) of the third clause of the will directs the trustees to “ invest and from time to time re-invest the said trust estate * *
And, in the same paragraph, it is provided that “ the said trustees shall collect and receive the income or interest from said trust estate and pay out and disburse the same as hereinafter provided * * Paragraph (b) of the third clause directs the trustees “to set aside exclusively for the use of my wife, one-third of said trust estate * * * and to pay her annually during her natural life the net income or interest therefrom * * Paragraph (g) of the third clause directs that “when my son and daughter arrive at the age of twenty-one years the trustees shall annually thereafter pay to each of them his or her share of the income and interests on the trust estate, the payment to each to be proportionate to his or her share in said trust estate itself.
Prior to the years in question the trustees, with the acquiescence of the beneficiaries, interpreted the directions of the decedent to mean that only “ net income ” of the trust estate, as that term is used in the i axing statutes, should be distributed to the beneficiaries. Accordingly, they set up reserves to conserve the corpus of the trust. In 1917 and 1918, as well as the years in question, the trustees took deductions for depreciation and depletion of the oil-producing property and distributed to the beneficiaries only the net income so determined.
It is strenuously urged by the petitioners that the interpretation thus placed on the will can not be collaterally attacked. It is undoubtedly true that as between the parties in interest an interpretation of long standing placed on the instrument by them will not be disturbed and the courts of Pennsylvania have so held. Appeal of Follmer, 37 Pa. 121; Hagerty v. Albright, 52 Pa. 274. We are not inclined therefore lightly to cast aside or disregard the interpretation placed upon the trust instrument by the parties thereto and adopt a contrary view as a basis for the taxes in question. See Grace Scripps Clark, 1 B. T. A. 491. We think that the decedent’s will is susceptible of the interpretation placed thereon by the parties in interest and, consequently, we hold that the deductions for depreciation and depletion, the amounts of which are not in dispute, were properly taken by the trustees and do not constitute income to the beneficiaries. The respondent’s action in restoring the amounts *553 so taken as deductions by the trustees to taxable income of the respective beneficiaries is, therefore, reversed.
With respect to the item of loss of $4,367 occasioned by the purchase and sale of the Pacific Gas & Electric Co. stock, it will be noted that this stock was purchased by the trustees in 1916, and was not a part of the corpus of the original estate, except that it may have been purchased with funds of the estate. The evidence does not disclose whether it was purchased in whole or in part with corpus funds; neither does the record disclose the fact as to whether or not there were prior or subsequent capital losses reimbursed out of income and acquiesced in by the beneficiaries. In view of such a situation we are unable to sustain petitioners’ assignment of error on that point, and hence approve the action of the Commissioner.
The last error assigned.by the petitioners is that the respondent erred in failing to exclude from their respective income any or all of the distributions received by them from the trust estate. Apparently this was an alternative assignment of error presupposing an adverse decision with respect to the deductions taken by the trustees. It is contended that the value of the expectancy or life interest, the right to receive annual income, was capital to each of them acquired by bequest, and that they are entitled to set aside annually an amount equal to the value of the respective expectancies divided by their respective life expectancies. It is further contended that the amount received represented the proceeds of property acquired by devise and bequest and as such is not taxable.
The same contentions were fully considered by the Board in George D. Widener et al., 8 B. T. A. 651, and decided adversely to the petitioners. It is unnecessary, therefore, to discuss petitioners’ contentions in this respect.
It appears that the deficiencies herein do not result wholly from the respondent’s action in respect of which error was alleged.
Reviewed by the Board.
Judgment will he entered on IS days' notice, under Bule SO.
AruNdell dissents.