MARGUERITE T. WHITCOMB (MARIE M. E. G. AND MARIE M. E. G. T. WHITCOMB), PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

LOUISE A. WHITCOMB (LOUISE A. F. E. WHITCOMB), PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

LYDIA L. WHITCOMB (LYDIA L. I. WHITCOMB), PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ESTATE OF LOUISE P. V. WHITCOMB, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

CHARLOTTE A. W. LEPIC (CHARLOTTE ANDREE WHITCOMB LEPIC), PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 16117, 16118, 16119, 16120, 16121, 16122, 27940, 27941, 27942, 27943 27944, 46510, 46511, 46512, 46513.

Promulgated February 11, 1931.

*Vincent K. Butler, Jr., Esq., Alfred Sutro, Esq.,* and *Felix T. Smith, Esq.,* for the petitioners.

*John D. Foley, Esq.,* for the respondent.

122

OPINION.

MARQUETTE: The sole question presented by the record herein is whether, under the circumstances set forth in the findings of fact, the petitioners in computing their respective incomes for the years 1921 to 1926, inclusive, should include therein that part of the amounts distributed to them by the trustee of the trust created by the last will and testament of A. C. Whitcomb, representing amounts deducted by the trustee in his fiduciary return on account of depreciation of the trust property.

The pertinent statutory provisions are sections 219 (d) of the Revenue Act of 1921; 219 (b) (2) of the Revenue Act of 1924, and 219 (b) (2) of the Revenue Act of 1926.

1921 Act—Section 219 (d):

\* \* \* there shall be included in computing the net income of each beneficiary that part of the income of the estate or trust for its taxable year which, pursuant to the instrument or order governing the distribution, is distributable to such beneficiary, whether distributed or not, or, if his taxable year is different from that of the estate or trust, then there shall be included in computing his net income his distributive share of the income of the estate or trust for its taxable year ending within the taxable year of the beneficiary.

1924 and 1926 Acts—Section 219 (b) (2):

There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is to be distributed currently by the fiduciary to the beneficiaries, and the amount of the income collected by a guardian of an infant which is to be held or distributed as the court may direct, but the amount so allowed as a deduction shall be included in computing the net income of the beneficiaries whether distributed to them or not.

The intent of Congress in enacting the sections of law quoted was to tax each year to the beneficiary of any trust the share of the trust income which was distributable to him in that year, and to tax to the trustee in his fiduciary capacity any income which was not to be distributed. *Anna M. Chambers et al.*, 17 B. T. A. 820. We must therefore look to the will of A. C. Whitcomb to determine what part of the income of the trust under consideration was distributable to the petitioners.

The trust which produced the income in question was created by the last will and testament of A. C. Whitcomb, and it and its trustee or trustees are within the jurisdiction of the Superior Court of the State of California, in and for the City and County of San Francisco, and the decree of that Court respecting the trust, when not reversed or modified by a tribunal having appropriate appellate jurisdiction, is binding upon all the parties interested in the trust. Its decrees with respect to the trust are also binding on the several Federal courts. *Uterhart* v. *United States*, 240 U. S. 598. That Court has determined and decreed that the trustee should have, prior to 1927, deducted from the gross income of the trust and retained in his possession amounts adequate to offset the depreciation of the trust property, and the trustee has been directed to deduct and retain amounts for depreciation in 1928 and thereafter. While the proceeding before the Superior Court may have been a friendly one, as is urged by counsel for the respondent, nevertheless all parties interested in the trust, including Harvard College, the contingent remainderman, were notified and appeared in person or by counsel and the decree is binding on all of them and fixes the amount of income distributable to each beneficiary. *Farewell* v. *Commissioner*, 38 Fed. (2d) 791–795. And the judgment of the Court is that during the years 1921 to 1926, inclusive, the petitioners were entitled only to the income of the trust after deducting and setting aside adequate amounts for depreciation of the trust property, and that they should repay to the trustee what they had received in excess of the proportionate share of the income so computed. In other words, no part of the payments made to them out of the amount deducted for depreciation belonged to them.

In the case of *E. L. E. Brenneman et al.*, 10 B. T. A. 544, we said in discussing a situation similar to the one here presented:

We must, therefore, look to the will of L. A. Brenneman to discover what was the distributable share of income of each of the petitioners. See *Estate of Virginia I. Stern, supra.* Paragraph (a) of the third clause of the will directs the trustees to "invest and from time to time reinvest the said trust estate * * *." And, in the same paragraph, it is provided that "the said trustees shall collect and receive the income or interest from said trust estate and pay out and disburse the same as hereinafter provided * * *." Paragraph (b) of the third clause directs the trustees "to set aside exclusively

for the use of my wife, one-third of said trust estate * * * and to pay her annually during her natural life the net income or interest therefrom * * *." Paragraph (g) of the third clause directs that "when my son and daughter arrive at the age of twenty-one years the trustees shall annually thereafter pay to each of them his or her share of the income and interests on the trust estate, the payment to each to be proportionate to his or her share in said trust estate itself."

Prior to the years in question the trustees, with the acquiescence of the beneficiaries, interpreted the directions of the decedent to mean that only "net income" of the trust estate, as that term is used in the taxing statutes, should be distributed to the beneficiaries. Accordingly, they set up reserves to conserve the corpus of the trust. In 1917 and 1918, as well as the years in question, the trustees took deductions for depreciation and depletion of the oil-producing property and distributed to the beneficiaries only the net income so determined.

It is strenuously urged by the petitioners that the interpretation thus placed on the will cannot be collaterally attacked. It is undoubtedly true that as between the parties in interest an interpretation of long standing placed on the instrument by them will not be disturbed and the courts of Pennsylvania have so held. *Appeal of Follmer*, 37 Pa. 121; *Haggerty* v. *Albright*, 52 Pa. 274. We are not inclined therefore lightly to cast aside or disregard the interpretation placed upon the trust instrument by the parties thereto and adopt a contrary view as a basis for the taxes in question. See *Grace Scripps Clark*, 1 B. T. A. 491. We think that the decedent's will is susceptible of the interpretation placed thereon by the parties in interest and, consequently, we hold that the deductions for depreciation and depletion, the amounts of which are not in dispute, were properly taken by the trustees and do not constitute income to the beneficiaries. The respondent's action in restoring the amounts so taken as deductions by the trustees to taxable income of the respective beneficiaries is, therefore, reversed.

See also *Kate M. Simon*, 10 B. T. A. 1186, *John L. Whitehurst*, 12 B. T. A. 1416; and *Anna M. Chambers et al.*, *supra*.

In the present proceeding the facts are much more favorable to the contention of the petitioners than were the facts in the *Brenneman* case, because in that case amounts for depreciation and depletion of the trust property were deducted and retained by the trustee pursuant to a construction placed upon the will by the beneficiaries, while in the instant proceeding the will was construed by the courts and a decree entered announcing such construction and fixing the rights of the parties thereunder.

It is also urged by counsel for the respondent that the beneficiaries have not repaid to the trustee the amounts which according to the decree of the Court were overpaid to them, but have given notes payable at the termination of the trust. This, however, does not in our opinion change the situation. The amounts in question did not belong to the petitioners, and in our theory of the law can not be income to them. Whether the petitioners ever repay such amounts to the trustee is a matter between them and the trustee and the other parties interested in the trust.

It is our opinion that under the terms of the last will and testament of A. C. Whitcomb the amount distributable annually to the petitioners herein during the years 1921 to 1926, inclusive, was the income of the trust computed by deducting from gross income amounts for depreciation of the trust property, and that the respondent erred in taxing to the petitioners more than their proportionate share of the net income of the trust so computed.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*

---

MURDOCK, dissenting: The decedent died in 1889 and the trust in question, so far as we know, began to function shortly thereafter. The account which was objected to covered only the period from February 23, 1903, to February 23, 1928. Prior accounts must have been approved in which there was no deduction for depreciation. Wear, tear and exhaustion of property, sometimes called depreciation, does not depend upon revenue acts. Yet, we see that the objection of those opposing the account related to depreciation which had been sustained from 1913 to 1927 only. Nineteen hundred and thirteen was the first year that there was an income tax act which might affect these petitioners. We must assume that during all of the years that the trust existed, up to the year 1928, the income from the trust property, undiminished by any amount representing depreciation, had been paid regularly to those having life estates. During the taxable years here in question no one made any objection to this action of the trustee, and he had the advice of counsel that under the terms of the trust it was his duty to distribute the full amount to those having life estates. The will made no specific provision for depreciation, and the general rule in such cases is that the life beneficiaries take all income undiminished by depreciation. *In re Hoyt*, 160 N. Y. 607; 55 N. E. 282; *Devenney* v. *Devenney*, 74 Ohio St. 96; 77 N. E. 688; *Old Colony Trust Co.* v. *Smith* (Mass.), 165 N. E. 657; *Blair* v. *Blair*, 82 Kans. 464; 108 Pac. 827; *Reed* v. *Longstreet*, 71 N. J. Eq. 37; 63 Atl. 500; *Dooley* v. *Penland* (Tenn.), 300 S. W. 9.

There is no reason to suppose that this testator in 1889 intended that the income from his estate should be reduced by depreciation before being distributed to the life beneficiaries. *Gay* v. *Focke*, 291 Fed. 721. No reserve for depreciation was established or provided for by the trustee until several years after the taxable years involved. Then, apparently by mutual consent, a retroactive order of a court was obtained as a result of which the trustee in January, 1929, for the first time, was enabled to show a reserve for depreciation of $622,434.11 on his books, although he had in his possession only

$10,700 returned by the estate of Louise P. V. Whitcomb. Others to whom distributions had been made, including those who objected to the account, gave the trustee their notes bearing no interest and payable only at the termination of the trust. These notes were supposed to restore to the trustee the balance of the amounts which had been distributed by him which in reality represented depreciation.

Louise P. V. Whitcomb, Charlotte A. W. Lepic, and Marguerite T. Whitcomb were the petitioners in the case of *Louise P. V. Whitcomb et al.*, 4 B. T. A. 80. That case involved the years 1917 to 1920. The petitioners there contended that, under the same will which is involved in this case, the net income of the trust, the distributable share of which was taxable to the beneficiaries, was the statutory net income divided into the number of shares provided in the will. We there held, on April 23, 1926, that the life beneficiaries were taxable with their full distributable share of the income of the trust undiminished by depreciation. Marguerite T. Whitcomb appealed from the decision of the Board in that case as to the year 1918, to the Court of Appeals of the District of Columbia. The facts as to that year were similar to the facts before the Board in the present case. The Court, in affirming the Board's decision, stated:

The appellant as life tenant in the trust estate was entitled to receive the full one-ninth of the income therefrom without regard to exhaustion or wear and tear of the corpus of the estate, and that is what appellant actually received from the trustee as her distributive share of the income. The trustee was not entitled to withhold any part of the income of the trust estate in order to make good the exhaustion or wear and tear of the capital assets of the estate; nor did the trustee in fact do so. Capital losses in such cases fall upon the reversioners or remaindermen, and not upon the life tenant. Therefore, the payment made by the trustee to appellant was in fact and law the distributive share of the income to which she was entitled as life tenant, and consisted in no part of capital depreciation restored to her. It was therefore taxable in her hands. This conclusion is not negatived by the fact that the trustee was entitled to enter deductions for capital losses or gains in his return for the trust estate as a single entity.

This decision of the court was rendered on April 2, 1928. Prior thereto, on January 14, 1925, the Circuit Court of Appeals, First Circuit, had decided similarly in *Baltzell* v. *Mitchell*, 3 Fed. (2d) 428; certiorari denied, 268 U. S. 690. Thereafter, on September 5, 1928, the trustee filed the account and the question of his duty to reserve depreciation was raised for the first time. There was a close family relation between the life beneficiaries and the remainder men who made the objections to the account. It is easily conceivable that the only benefit sought from the probate court proceeding was support for the position taken by the life beneficiaries in excluding

128

from their income tax returns the amounts representing depreciation, and thus avoidance of the effect of the adverse decisions of this Board and of the Court of Appeals of the District of Columbia on their income tax liability for other years. During all of those years the petitioners actually received and enjoyed the amounts here in controversy, and during those years they had no reason to suppose that their enjoyment of these amounts would ever be questioned. The only reason that even a semblance of question arose was because some of those persons who were enjoying the amounts, in effect, asked the probate court to hold that they had no right to enjoy them, and nobody objecting, the court so held. Under such circumstances, I do not believe that they should be relieved from including as a part of their gross income the full amount which they received and enjoyed during each of the taxable years in question. Cf. *Jackson* v. *Smietanka*, 272 Fed. 970; *Lucas* v. *American Code Co.*, 280 U. S. 445; *Commissioner* v. *Sanford & Brooks*, 282 U. S. 359. If the trustee erred in failing to deduct depreciation before distributing the income of this trust, the error had its inception long prior to the taxable years in question and long prior to 1913. The amount returned to the trustee in 1928 and the amount of the notes delivered to him at that time, then represent only a part of the amounts erroneously distributed, and there was no reason for holding that it was the amounts they received in the taxable years which they returned. The order of the court will, of course, have its effect prospectively upon distributions, but under the circumstances of this case I do not think it should be given retroactive effect to accomplish the purpose sought by these petitioners. Cf. *Weiss* v. *Wiener*, 279 U. S. 333; *Rosenberger* v. *McCaughn*, 25 Fed. (2d) 699.

SMITH, STERNHAGEN, PHILLIPS, ARUNDELL, and BLACK agree with this dissent.