*1282 OPINION.
Smith :
The issue before us in this proceeding is whether the value of the property held by the John B. Crouse trust passed under a general power of appointment exercised by the decedent in her will and is therefore taxable in the decedent’s estate under the following provisions of the Revenue Act of 1926:
Sec. 302. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—
* * * * * * *
. (f) To the extent of any property passing under a general power of appointment exercised by the decedent (1) by will * * *.
The decedent by her will attempted to exercise the power of appointment in respect of the property by directing that it be transferred to the trust which she herself had created, but the Court of Common Pleas of Cuyahoga County, Ohio, which had jurisdiction of the property, has decreed that the attempted exercise of the power of appointment in the decedent’s will failed and that the property in question passed in accordance with the terms of the John B. Crouse trust agreement. The property was actually distributed pursuant to the court’s decree and the time for appeal has since expired. The Supreme Court held, in Freuler v. Helvering, 291 U.S. 35; reversing 62 Fed. (2d) 733, and affirming 22 B.T.A. 118, that the decision of the state court, until reversed or overruled, establishes the law of that state respecting the distribution of trust property within its jurisdiction. The Court there said:
* a * We understand tbe respondent to concede the binding force of a state statute, or a settled rule of property, followed by state courts, and, as well, an antecedent order of the court having jurisdiction of the trust, pursuant to which payments were made. But, if the order of the state court does in fact govern the distribution, it is difficult to see why, whether it antedated actual payment or was subsequent to that event, it should not be effective to fix the amount of the taxable income of the beneficiaries. We think the order of the state court was the order governing the distribution within the meaning of the Act.
*1283 Moreover, the decision of that court, until reversed or overruled, establishes the law of California respecting distribution of the trust estate. It is none the less a declaration of the law of the State because not based on a statute, or earlier decisions. The rights of the beneficiaries are property rights and the court has adjudicated them. What the law as announced by that court adjudges distributable is, we think, to be so considered in applying section 219 of the Act of 1921.
In Grinnell v. Commissioner, 70 Fed. (2d) 705, it was held that the gross estate of a decedent did not include a trust fund over which the decedent had a power of appointment by will where the trust estate did not pass under the power of appointment for the reason that the appointees under the decedent’s will elected to renounce their bequests thereunder and to take as remaindermen under the will of the creator of the trust; that under the New York law the attempt to execute the power was not effective because it did nothing.
The statute here involved, section 302 (f) above, includes in the gross estate the value of the property “ passing under a general power of appointment exercised by the decedent.” The state court of proper jurisdiction has determined that the trust property in question did not pass under a power of appointment exercised by the decedent. In the circumstances of this case it would be necessary, in order to sustain the respondent’s position, to reach a conclusion contrary to that reached by the Ohio court as well as those of the State of Michigan, namely, that, as a matter of fact and of law, the property in the John B. Crouse trust did actually pass by a general power of appointment exercised by the decedent in her will. In our opinion we are precluded from making such a determination. Even if we were in doubt as to the correctness of the ruling reached by the state courts as to whether the property passed by the attempted exercise of the power of appointment, we would be disposed to follow them. We therefore hold that the value of the property in the John B. Crouse trust is not includable in the decedent’s gross estate.
In respect of the further issue contained in the petition as amended, it was stipulated at the hearing that the amount of $10,969.20 was paid to the State of Michigan as an inheritance tax on the decedent’s estate. As provided in section 301 (b) of the Bevenue Act of 1926, such amount is allowable as a credit in computing the Federal estate tax due on the decedent’s estate.
Beviewed by the Board.

Judgment will be entered under Bule 50.