EMORY R. BUCKNER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 72669. Promulgated August 14, 1934.

*George E. Cleary, Esq.*, for the petitioner.
*George D. Brabson, Esq.*, for the respondent.

### OPINION.

ARUNDELL: A deficiency of $7,500 in income tax asserted by the respondent for the year 1930 arises from his inclusion in petitioner's income of $30,000 paid to him out of funds of the city of New York. Petitioner claims that the $30,000 was paid for services rendered as an officer of the State of New York; hence is exempt from Federal tax. Respondent has denied exemption. Whether petitioner was an officer of the state is the only issue.

The facts were stipulated at length and in detail, and we adopt the stipulation filed as our findings of fact. A summary of the salient facts will be enough for the purpose of this report.

Petitioner is an attorney at law and from 1928 to 1930 was a member, successively, of two partnerships engaged in the practice of law in New York City. On April 5, 1928, the Governor of New York directed the attorney-general of that state to "attend in person or by one of your assistants or deputies" an extraordinary special and trial term of the Supreme Court for Queens County, to appear before the grand jury for the purpose of managing and conducting inquiries into any wilful or corrupt misconduct in office of public officers and unlawful acts of others in connection therewith, and further to manage, prosecute, and conduct the trials in case indictments were found, and:

\* \* \* that in person or by your assistant or deputy in the place and stead of the District Attorney of Queens County, you exercise all the powers and perform all the duties conferred upon you by said section 62 of the Executive law and this requirement made thereunder \* \* \*.

On April 6, 1928, the attorney-general designated petitioner as special assistant attorney-general to perform the duties directed in the governor's order of April 5. The letter from the attorney-general to petitioner reads as follows:

I hereby designate you a Special Assistant Attorney General for the purposes herein specified, to wit:

To appear for the Attorney General of the State of New York and attend in such capacity an Extraordinary Special and Trial Term of the Supreme Court appointed by the Governor of the State of New York on the 6th day of April, 1928 to be held at the Court House at Long Island City, Queens County, New York, on the 16th day of April, 1928, at ten o'clock in the forenoon of that day and to continue so long as it shall be necessary for the purpose of inquiring into any wilful or corrupt misconduct in office of public officers and any and all unlawful acts of any and all persons of every description in connection therewith in the same county of Queens, and for such other proper matters as may come before said court, and that you appear before the grand jury drawn for said term of Court and before any grand jury or grand juries which shall be drawn and sit for any later term or terms of said court for the purpose of managing and conducting in said court and before said grand juries or said other grand juries any and all proceedings, examinations and inquiries and any and all criminal actions and proceedings which may be had or taken by or before said grand jury or said grand juries concerning or relating to its inquiry into any wilful or corrupt misconduct in office of public officers and any and all unlawful acts of any and all persons of every description in connection therewith in the said county of Queens, and further to manage, prosecute and conduct the trial at said term of court or at any term at which any and all indictments which may be found against any public officers or other persons may hereafter be tried and that in the place and stead of the District Attorney of Queens County you exercise all the powers and perform all the duties conferred upon the Attorney General by § 62 of the Executive Law and a certain order of the Governor given under the hand and seal of the Governor of the State of New York on the 6th day of April, 1928, which said order superseded the District Attorney of said County of Queens in the premises and in such actions and proceedings the said District Attorney of the County of Queens shall exercise only such powers and perform such duties as are required of him by you.

Very truly yours,

[Signed]  ALBERT OTTINGER
Attorney General.

On April 16, 1928, petitioner took an oath of office [required by Article XIII of the Constitution of the State of New York to be taken by " members of the legislature, and all officers executive and judicial "] and the oath subscribed by him was filed with the secretary of state.

During 1928 petitioner and certain special deputy assistant attorneys-general conducted an investigation into the conduct in office of

public officials of Queens County, and charges were presented to the grand jury, which returned an indictment against Maurice E. Connolly, president of the Borough of Queens, Frederick Seely, an assistant engineer employed by the city of New York, and John M. Phillips. The latter, Phillips, died after the indictment and prior to any trial. Thereafter petitioner and his assistants, the special deputy assistant attorneys-general referred to above, prepared for trial of the case against Connolly and Seely, and in October 1928 petitioner tried the case and the defendants were convicted under count one of the indictment, which charged conspiracy to cheat and defraud the city of New York of property. Defendants appealed to the Appellate Division of the Supreme Court of the State of New York. Petitioner and his assistants prepared the brief for the state on the appeal and in November 1929 petitioner argued the appeal before the Appellate Division, which affirmed the conviction (227 App. Div. 167; 237 N.Y.S. 303). Defendants appealed to the Court of Appeals of the state, and petitioner and his assistants prepared the state's brief on that appeal and in March 1930 petitioner argued the case for the state in the Court of Appeals, which affirmed the conviction (253 N.Y. 330; 171 N.E. 393).

During the investigation and trials of the above cases petitioner maintained a separate office for himself and assistants. Prior to October 6, 1928, the office was at No. 2 Lafayette Street, New York, and thereafter in the building of the Association of the Bar of the City of New York. The lease agreement for the latter office was entered into between the Bar Building, Inc., and the attorney-general of the state. The expenses of the office and the amounts paid to petitioner and his assistants were paid by the city of New York out of public funds on vouchers issued by the attorney-general of the state to the comptroller of the city of New York.

Petitioner's services in the matters above outlined were at all times subject to the orders of the attorney-general of the state and petitioner at various times was in touch with the attorney-general by conferences and communication with reference to those matters. Petitioner was at all times subject to call for the conduct of the investigation and litigation for which he was appointed, although such services did not occupy his entire time and attention.

In 1930 petitioner received the sum of $30,000 for services rendered in the above mentioned investigation, trial and appeals, all of which services were performed pursuant to his designation by the attorney-general as special assistant attorney-general.

The $30,000 so received by petitioner was included for 1930 in the information return filed by the firms of which petitioner was successively a member in that year. Petitioner received his distributive

share of other income of those firms during the period in which he was engaged in the proceedings above outlined, and his distributive share for 1930 was in excess of $30,000. In petitioner's income tax return for 1930 he excluded from his distributive share of firm income the $30,000 received from the city of New York, and the respondent has added that amount to his reported taxable income. It is stipulated that if the $30,000 received by petitioner is subject to Federal income tax there is a deficiency of $7,500, and if that amount is exempt from tax there is no deficiency.

The petitioner in this case was designated a special assistant attorney-general in the same way that the taxpayers received their designations in *Commissioner* v. *Murphy*, 70 Fed. (2d) 790, and *George Z. Medalie*, 30 B. T. A. 1283, in both of which exemption was denied. In this case, as in those cited, petitioner has failed to establish that he was appointed to an office under section 61 of the Executive Law of New York, as he claims, rather than employed under section 65, as urged by the respondent. On authority of those cases we hold that the compensation received by petitioner for his services as special assistant attorney-general is not exempt from Federal income tax.

In view of the stipulation of the parties that, if the amount received by petitioner is held to be subject to tax, the deficiency is the amount determined by the respondent, we have no occasion to go into a suggested question of whether any part of the $30,000 loses an exempt status by reason of being paid into a partnership.

*Decision will be entered for the respondent.*